## C. R. KEMP V. THE STATE.

No. 9852.   Delivered February 17, 1926.

### Fornication—Circumstantial Evidence—Failure to Charge—Error.

Where the state relies for a conviction upon circumstantial evidence alone, it is the duty of the trial court to charge the jury on the law of circumstantial evidence, and in the instant case the refusal of the trial court to so charge necessitates the reversal of the case. See Branch's Ann. P. C. p. 1341 for collation of many authorities.

Appeal from the County Court-at-Law No. 1 of Tarrant County.   Tried below before the Hon. P. W. Seward, Judge.

Appeal from a conviction for fornication, penalty a fine of $50.00.

*Mays & Mays* of Fort Worth, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is fornication and the punishment is a fine of $50.00.

The only question necessary to consider in this case is the appellant's complaint at the court's action in failing to charge on circumstantial evidence.   Under the count in the information submitted to the jury it was necessary for the state to prove that the appellant lived together with Alice Brown and had carnal intercourse with her.   We have very carefully examined this record and fail to find what we think is positive testimony to support either proposition.   In fact, there is no suggestion in this record from any witness to the effect that they had ever been seen in the act of carnal intercourse, and we think the testimony tending to show that they lived together is wholly circumstantial.   Both the act of intercourse and the living together if proved at all are proved as a matter of inference from other facts in evidence, and in this condition of the record, the case rests wholly in a legal sense upon circumstantial evidence. Branch's Ann. P. C. p. 1341 for collation of many authorities.   Appellant asked the court to give a correct special charge on the question of circumstantial evidence and this was refused.   The court's action in refusing to give this charge was error necessitating a reversal of the case.

The judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.